ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ELI MILAGROS ROSA VÁZQUEZ<br><br>Parte Peticionaria<br><br><br>V.<br><br><br>DEPARTAMENTO DE JUSTICIA<br><br>Parte Recurrida | TA2025CE00156 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br>_____<br>Caso Núm.: KEX-2024003(703)<br>_____<br>SOBRE: DECLARACIÓN DE INCAPACIDAD Y DESIGNACIÓN DE TUTOR, TUTOR-NOMBRAMIENTO, ACEPTACIÓN, RENUNCIA, REMOCIÓN O RELEVO |

Panel integrado por su presidente el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente

# S E N T E N C I A

En San Juan, Puerto Rico, a 26 de agosto de 2025.

Comparece antes nos la señora Eli Milagros Rosa Vázquez (en adelante, "Sra. Rosa" o "peticionaria") para solicitar la revocación de la Resolución emitida el 30 de abril de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "TPI"). Mediante dicha Resolución, el foro primario modificó y redujo los honorarios del abogado de la parte peticionaria de $125.00 por hora a un máximo de $80.00 por hora.

Por los fundamentos que exponemos a continuación, se **expide** el recurso de *certiorari* y se **revoca** la resolución recurrida con el fin de fijar los Honorarios del abogado de la parte peticionaria según la segunda factura sometida.

## -I-

En lo pertinente a la controversia que nos ocupa, el abogado de la peticionaria, el licenciado Fernando Rabell Echegaray (en adelante, "Lcdo. Rabell"), asumió la representación legal de la peticionaria en un caso de familia el 3 de febrero de 2025. Dicho caso requirió de parte del Lcdo. Rabell producir informes tutelares de los años 2016 hasta el 2024 que no habían sido presentados anteriormente. Con el propósito de poner al TPI en posición de nombrar a la peticionaria como tutora en representación de una persona incapaz, y a petición del TPI, el Lcdo. Rabell y su equipo lograron dicha encomienda en un (1) mes.

El TPI ordenó a la peticionaria a que emitiera, entre otras cosas, la factura de los servicios legales provistos en el caso y, por su parte, la Procuradora de Asuntos de Familia (en adelante, "la procuradora") solicitó que dicha factura fuese acompañada de una declaración jurada de la aquí peticionaria. En dicha declaración esta indicó su aprobación y consentimiento a la factura sometida[1].

El 11 de marzo de 2025, la parte peticionaria presentó dichos documentos junto a una *Moción de Cumplimiento de Orden*[2]. La procuradora, en su *Informe Fiscal*[3], sometido el 23 de abril de 2025, con relación a los servicios ofrecidos en tres (3) días específicos[4], exhortó revisar los cargos, lo cual el Lcdo. Rabell revisó y ajustó.

---

[1] Véase Entrada #3 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Véase Entrada #3 de SUMAC.
[3] Véase Entrada #3 de SUMAC.
[4] 26, 27 y 28 de febrero de 2025.

El 30 de abril de 2025, el TPI emitió una *Resolución y Orden*[5] donde autorizó a la peticionaria a contratar representación legal hasta un máximo de $80.00 por hora y requirió que se presentara una nueva factura ajustada a lo ordenado en la presente *Resolución*.

Inconforme, la parte peticionaria, el 15 de mayo de 2025 presentó una *Moción de Reconsideración*[6] junto con la factura previamente ajustada al requerimiento de la procuradora. En ella, solicitó al TPI que aprobara la factura enmendada y ordenara la emisión del cheque por el total de la factura aprobada por la procuradora, a la cual el TPI declaró SIN LUGAR.

Por su parte, la procuradora presentó una *Moción en Cumplimiento de Resolución*[7] donde resaltó que en los Informes Fiscales presentados no se presentó objeción alguna en lo concerniente a la tarifa original de $125.00 por hora, salvo en las fechas anteriormente mencionadas, las cuales fueron enmendadas. Reiteró que no tenía objeción a que se pagara la factura, según había sido enmendada por el Lcdo. Rabell.

Así las cosas, la peticionaria acude ante nos mediante una *Petición de Certiorari*[8] y señala el siguiente error:

> **ERRÓ EL TPI AL REDUCIR EN 36% LOS HONORARIOS DEL LICENCIADO RABELL.**

Examinados los escritos y los documentos que obran en autos, procedemos a resolver.

**-II-**

**A. Certiorari**

---

[5] Véase Entrada #3 de SUMAC.
[6] Véase Entrada #3 de SUMAC.
[7] Véase Entrada #6 de SUMAC.
[8] Véase Entrada #1 de SUMAC.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[9] El Tribunal de Apelaciones tiene la facultad para expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Se trata de un recurso extraordinario en el que se solicita que este Tribunal ejerza su discreción para corregir un error cometido por el Tribunal de Primera Instancia. Distinto a los recursos de apelación, el tribunal de superior jerarquía tiene la facultad de expedir o denegar el auto de *certiorari*.[10] Por tanto, "[…] descansa en la sana discreción del foro apelativo el expedir o no el auto solicitado."[11]

A esos efectos, la Regla 40 del Reglamento Tribunal de Apelaciones[12], enumera los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas.[13] Los criterios para considerar son los siguientes:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

---

[9] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016).
[10] *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005).
[11] *Íd.*
[12] 4 LPRA Ap. XXII-B, R. 40.
[13] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008).

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[14]

### B. Honorarios de Abogado

La concesión de honorarios de abogado puede ser objeto de un contrato de servicios profesionales. El contrato más común al respecto es el que otorga un abogado y su cliente para la representación legal de este último. En esta relación contractual, sin embargo, entran en juego ciertas disposiciones éticas que regulan y establecen unos límites legales a las cuantías susceptibles de ser cobradas por el abogado.[15] Es decir, la autonomía de la voluntad que rige las relaciones contractuales en nuestro ordenamiento, en el caso de los contratos de servicios legales, está supeditada a consideraciones éticas que son intrínsecas a la profesión legal.[16] En específico, las establecidas en el Canon 24 de Ética Profesional, el cual establece, en parte, que:

> Al fijar el valor de los honorarios, deben considerarse […] **el tiempo y trabajo requeridos, la novedad y dificultad de las cuestiones envueltas y la habilidad que requiere conducir propiamente el caso** […].
> Es deseable que se llegue a un acuerdo sobre los honorarios a ser cobrados por el abogado al inicio de la relación profesional y **que dicho acuerdo sea reducido a escrito**.[17]

---

[14] Regla 40 del Reglamento Tribunal de Apelaciones, *supra*.
[15] *Nassar Rizek v. Hernández*, 123 DPR 360, 370 (1989).
[16] *In re Acevedo Álvarez*, 178 DPR 685, 690 (2010); véase, además, el Canon 24 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 24.
[17] 4 LPRA Ap. IX, C. 24 (*Énfasis suplido*).

## -III-

Primero que todo, debemos resolver si procede expedir el recurso *de certiorari*. El primer paso es evaluar la petición a la luz la Regla 40 del Reglamento del Tribunal de Apelaciones. En su inciso (C), dicho reglamento establece que el recurro de *certiorari* podrá ser expedido cuando medie prejuicio, parcialidad o error […] por el Tribunal de Primera Instancia[18].

Teniendo en cuenta los hechos que nos conciernen, el Lcdo. Rabell sometió la factura pertinente, acompañada de la declaración jurada por parte de la peticionaria, donde esta prestaba su consentimiento a que la tarifa por los servicios legales prestados por el licenciado fuese de $125.00 por hora. Más aún, la propia procuradora, luego de que la factura fuese enmendada a su solicitud, las autorizó a que fuesen pagadas.

Siendo la factura aprobada tanto por la peticionaria como por la procuradora, persona llamada a velar por el interés óptimo del tutelado, no existe razón por el cual el foro primario tuviese que ordenar el ajuste de la tarifa, más allá que lo previamente ajustado.

Por esto, entendemos que el Tribunal de Primera Instancia erró al emitir la orden para ajustar la tarifa, por lo que, procede la concesión del recurso de *certiorari*. Resuelto este particular, procedemos a resolver el señalamiento de error.

La peticionaria presentó como error que, erró el TPI al reducir en 36% los honorarios del Licenciado Rabell.

---

[18] Regla 40 (C) del Reglamento Tribunal de Apelaciones, *supra*.

Por su parte, el foro primario emitió una orden en la que ordenó al Lcdo. Rabell a ajustar las facturas presentadas para el cobro de los Honorarios de Abogado, de $125.00 por hora a $80.00. Esto, luego de que la procuradora haya aprobado las facturas previamente ajustadas y entregadas, y luego de que la peticionaria haya entregado una declaración jurada en la que daba su consentimiento a que la tarifa por los servicios legales por parte del Lcdo. Rabell fuese por la cantidad de $125.00 por hora.

Más aún pertinente, luego de que el TPI denegara la *Moción de Reconsideración*[19] presentada por el Lcdo. Rabell, la procuradora emitió una *Moción en Cumplimiento de Resolución*[20] donde específicamente expresó que no tenía ninguna objeción a que se pagaran las facturas tal cual se habían presentado con las enmiendas ya realizadas. Entiéndase que, salvo tres (3) días específicos, el resto del trabajo realizado por el Lcdo. Rabell podía ser pagado según la tarifa acordada de $125.00 por hora.

En consonancia con los expuesto anteriormente, los honorarios de abogado deben ser fijados tomando en consideración, entre otras cosas, el tiempo de trabajo requerido […] y dificultad de las cuestiones envueltas […].[21] Como surge de los hechos, los informes tutelares no rendidos por el intérvalo de nueve (9) años tuvieron que ser trabajados y producidos por el Lcdo. Rabell y su equipo en tan solo un (1) mes. Esto, para que efectivamente se le pudiese conceder la tutela a la

---

[19] Véase Entrada #3 de SUMAC.
[20] Véase Entrada #6 de SUMAC.
[21] Canon 24 del Código de Ética Profesional, *supra*.

peticionaria, razón por la cual solicitó los servicios legales del licenciado.

De los hechos también surge que dichos informes tutelares, que deben ser presentados anualmente, contienen una relación específica de los gastos, ingresos, activos y deudas de la tutelada. Razonable es concluir que dicha asignación es una complicada y que, dado el tiempo en que lo tuvieron que realizar, implicó un alto volumen de trabajo para lograrlo.

Por otro lado, surge del expediente que, la peticionaria, desde el inicio de la relación abogado-cliente, tenía conocimiento que la tarifa por hora era de $125.00. No tan solo esto, sino que prestó su consentimiento a través de la declaración jurada al efecto, documento que consta por escrito, y que fue presentada.

Tomando en consideración el tiempo y dificultad del trabajo realizado, en adición al hecho de que la peticionaria tenía conocimiento y consintió a la tarifa, es forzoso concluir que el valor reclamado por los servicios prestados por el Lcdo. Rabell en la factura enmendada es completamente razonable.

Por los fundamentos antes expuestos, se **expide** el recurso de ***certiorari*** y se **revoca** la resolución recurrida con el fin de fijar los Honorarios del abogado de la parte peticionaria según la segunda factura sometida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*